## MEYERS v SWAGLER

Ohio Appeals, 2nd Dist, Franklin Co
No 1917. Decided Oct 9, 1930

Boyd & Boyd, Columbus, for Meyers.

O. H. Mosier and N. W. Dick, both of Columbus, for Swagler.

* * *

ALLREAD, J.

There would necessarily be two situations which would naturally arise under this will, first, could the widow, Catherine Swagler, accept under the terms of the will, and, second, if she did accept, did she thereafter marry. In the event that the widow did not accept the provision of the will she could only take her dower of one-third and the estate remaining would necessarily vest in the heirs. If the widow accepted under the will and thereafter married, her interest was reduced to the widow's dower. That would still leave two-thirds of the estate to be vested in the

heirs. The fact that the widow accepted under the will and did not remarry would leave the absolute life estate provided for under the will, but the fact that the other conditions might have arisen would tend to make the interest of the heirs a vested interest rather than a contingent one. It also appears that the scrivener of this will was a lawyer and must have known that in the event the widow did not accept or thereafter marry that a present interest would be vested in the heirs.

Again, in Item III of the will which provides for the interest of the heirs they are referred to as the testator's heirs and it is also provided that their interests would be taken under the will and defined by the law of descents of the State of Ohio. There is a strong inference in favor of the vesting of the interest of the heirs. The statute of descents which, by reference, is made a part of the Items fixes the rights of the heirs and such rights are necessarily vested rights.

Counsel for the plaintiff rely upon the case of **Tax Commission vs. Oswald, 109 Oh St 36**, and the case of **Linton vs. Laycock, 33 Oh St 128.** Counsel for defendants rely upon the case of **Barr vs. Denney, 79 Oh St, page 358.** The **Barr vs. Denney** case is one where an estate is devised to trustees to sell and dispose of and distribute the proceeds. There can be no question in that case as to the vesting of the estate because it vested originally in the trustee and the right of the ultimate beneficiaries depended upon the sale and conveyance and distribution of the proceeds. There is no such question here. Whatever estate is devised goes under the will direct to the parties intended to be benefitted. The Oswald case is not so strong a case in favor of the vesting of the estate as the case at bar. The opinion in that case is written by Judge Day and includes a review of all the previous cases in Ohio. That authority is directly applicable to the facts here. The **Linton vs. Laycock** case is also a direct authority in favor of the vesting of the estate. The case of **Lisle vs. Miller, 21 C. C. N. S. 317** is not in point because the estate was devised to a son, H. L., for life and then to his heirs. This case involved the rule in Shelley's case.

We, therefore, hold that the interest of Catherine Jennie Breckenridge vested at the death of her grandfather and was a vested estate at the time the judgment was rendered. Her interest was, therefore, subject to execution.

The judgment creditor is therefore at liberty to prosecute the present action and sell the interest which Catherine Jennie Breckenridge had in said real estate.

The decree will be therefore in favor of the plaintiff.

Kunkle, PJ, and Hornbeck, J, concur.